UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of Zafar Iqbal, Liquidator of Bawa Financial Limited (In Liquidation) for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding. | Case No. _____ |

**APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR AN ORDER
COMPELLING DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

Applicant Zafar Iqbal, Liquidator of Bawa Financial Limited (In Liquidation) ("Applicant"), based upon the concurrently filed memorandum of law and supporting declaration, and pursuant to 28 U.S.C. § 1782, respectfully applies to this Court for an order authorizing it to serve subpoenas in the form of Exhibits A-C (the "Subpoenas") for the production of documents by the Depository Trust & Clearing Corporation ("DTCC"), the Depository Trust Company ("DTC"), and Brown Brothers Harriman & Co. ("BBH").  The Subpoenas direct DTCC, DTC, and BBH to produce documents for use in a contemplated proceeding in Switzerland against Falcon Private Bank Ltd., regarding its misuse of securities owned by Bawa Financial Limited. The contemplated proceeding will be filed by Applicant in its capacity as the court-appointed liquidator for Bawa Financial Limited.

This application meets the requirements of Section 1782.  Applicant is an interested party in the contemplated Swiss proceeding and seeks discovery for use in that proceeding.  DTCC, DTC, and BBH will not be participants in the proceeding and can be found in this district. Applicant is not using this proceeding as an attempt to circumvent the requirements of any foreign tribunal, and there is no indication that the Swiss court will not be receptive to the discovery.  Finally, the discovery sought is highly relevant to the contemplated proceeding and is

neither unduly burdensome nor intrusive.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262-65 (2004).

Section 1782 applications are typically "received and appropriate action taken . . . *ex parte*," with any privilege issues raised and resolved through a motion to quash made after a subpoena has been authorized and issued.  *See In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976) (emphasis added); *see also In re Hill*, 2005 U.S. Dist LEXIS 10838 (S.D.N.Y. June 2, 2005) (granting *ex parte* application for discovery under 28 U.S.C. § 1782); *In re Gemeinschaftpraxis*, 2006 WL 3844464, at *8 (S.D.N.Y. Dec. 29, 2006) (same); *In re Auto-Guadeloupe Investissement S.A.*, U.S. Dist. LEXIS 147379 (S.D.N.Y. Oct. 10, 2012).

WHEREFORE, Applicant respectfully request that this Court enter an Order:

1. Approving Applicant's application for discovery; and

2. Granting issuance of the Subpoenas as they appear herein; and

3. Directing DTCC, DTC, and BBH to produce the documents in their possession, custody, or control, as requested in Schedule A of the Subpoenas.

Dated:  June 21, 2016

QUINN EMANUEL URQUHART
 & SULLIVAN, LLP

By:    /s/ Daniel L. Brockett
Daniel L. Brockett
Thomas J. Lepri
51 Madison Avenue, 22nd Floor
New York, New York  10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
danbrockett@quinnemanuel.com
thomaslepri@quinnemanuel.com